# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

John M. Agnello, Esq.
Melissa E. Flax, Esq.
James E. Cecchi, Esq.
CARELLA, BYRNE, CECCHI,
 BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Email:  jagnello@carellabyrne.com
        mflax@carellabyrne.com
        jcecchi@carellabyrne.com

Richard R. Patch *(pro hac vice)*
Clifford E. Yin *(pro hac vice)*
Christopher J. Wiener *(pro hac vice)*
Sarah E. Peterson *(pro hac vice)*
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: 415-391-4800
Facsimile: 415-989-1663
Email:  ef-rrp@cpdb.com
        ef-cey@cpdb.com
        ef-cjw@cpdb.com
        ef-sep@cpdb.com

Attorneys for Defendants DraftKings Inc. and Crown NJ Gaming Inc. d/b/a DraftKings

| | |
|---|---|
| MATTHEW YOUNGS and CHARLES THOMPSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>DRAFTKINGS INC. and CROWN NJ GAMING INC. d/b/a DRAFTKINGS,<br><br>        Defendants. | Case No. 2:25-cv-00179-SRC-JRA |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO PHASE DISCOVERY**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

PROCEDURAL HISTORY..................................................................................................2

ARGUMENT .........................................................................................................................3

    I.    Courts In This District Routinely Phase Discovery to Address Class Certification First. ..................................................................................................3

    II.    Pre-Certification Discovery Is Readily Severable from Post-Certification Discovery ...............................................................................................................5

    III.    Phasing Discovery Will Promote Efficiency and Reduce Discovery Disputes.................................................................................................................7

CONCLUSION....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Antar v. BetMGM, LLC*,
  No. 24-1364, 2025 WL 1219316 (3d Cir. Apr. 28, 2025) ..........................................................8

*Bell v. Lockheed Martin Corp.*,
  270 F.R.D. 186 (D.N.J 2011) ....................................................................................................5

*Conner v. Perdue Farms, Inc.*,
  No. CIV.A. 11-888 (MAS)(LHG), 2013 WL 5977361 (D.N.J. Nov. 7, 2013) ............... *passim*

*Gennari v. Weichert Co. Realtors*,
  148 N.J. 582 (1997) ..................................................................................................................7

*In re Hydrogen Peroxide Antitrust Litig.*,
  552 F.3d 305 (3d Cir. 2008) ......................................................................................................4

*MacLean v. Wipro Ltd.*,
  No. CV 20-03414 (GC)(JBD), 2023 WL 3742832 (D.N.J. May 31, 2023) ......................4, 5, 7

*Nazario v. Sharinn & Linshie, P.C.*,
  No. 2:19-cv-04604 (SDW)(SCM), 2020 WL 205896 (D.N.J. Jan. 14, 2020) .................4, 9, 10

*In re Riddell Concussion Reduction Litig.*,
  No. 13-7585 (JBS/JS), 2016 WL 4119807 (D.N.J. July 7, 2016) .............................................5

*Tonglu Rising Sun Shoes Co. v. Nat. Nine (USA) Co.*,
  No. CV 14-1634 (SRC)(CLW), 2016 WL 7374543 (D.N.J. Dec. 20, 2016) ............................7

*Weil v. Express Container Corp.*,
  360 N.J. Super. 599 (App. Div. 2003) ......................................................................................7

*Wesley v. Samsung Elecs. Am., Inc.*,
  No. CV 20-18629 (JMV)(AME), 2022 WL 2870200 (D.N.J. July 21, 2022) ..........................5

**Statutes & Rules**

Fed. R. Civ. P. Rule 23 .........................................................................................................1, 3, 4

Red. R. Civ. P. Rule 26(f) ..............................................................................................................3

**Other Authorities**

*Manual for Complex Litigation* (Fourth) § 21.14 ..........................................................................3

## INTRODUCTION

Defendants DraftKings Inc. and Crown NJ Gaming Inc. (collectively, "DraftKings") move to phase discovery in this action so that discovery related to class certification (specifically, two types of discovery: discovery related to what putative class members in New Jersey may have seen, and discovery related to the named Plaintiffs as class representatives) has priority before any merits-based discovery concerning the putative classes. Only three claims remain in this action, all of which turn on whether DraftKings' advertisements for two specific promotions were misleading. At this stage, however, Plaintiffs seek immediate, expansive and costly nationwide discovery that is not tied at all to whether Plaintiffs can satisfy the requirements of Rule 23, including, among other things: (i) DraftKings' internal knowledge and intent concerning those two promotions; and (ii) putative class members' individualized deposits and losses. DraftKings thus moves to phase discovery so that discovery related to class certification occurs before such merits-based discovery.

Courts in this district have recognized that discovery should be tailored to the needs of the case and may be sequenced to promote efficiency and fairness. Pre-certification discovery is intended to inform the class certification decision, not to permit full merits discovery on the putative classes before the Court has determined whether *any* class, let alone a nationwide class, may be certified. As made clear by Plaintiffs' recently served document requests, Plaintiffs' demands for immediate and expansive nationwide discovery into issues such as DraftKings' intent and knowledge and user-specific losses go well beyond what is necessary for the class certification inquiry and would impose substantial and unnecessary burden on DraftKings.

Phasing discovery will streamline this litigation, conserve party and judicial resources, and ensure that discovery proceeds in a proportional and orderly manner. DraftKings therefore seeks an order providing that:

(1) Pre-certification discovery be limited to: (a) discovery concerning the merits of the claims of the named Plaintiffs (Youngs and Thompson) as class representatives; and (b) matters concerning class certification, which includes *external*-facing discovery concerning what advertisements and terms and conditions that Youngs and Thompson (or others in New Jersey) saw; and

(2) Post-certification discovery concerning merits issues be deferred until after any certification decision, including but not limited to: (i) discovery related to alleged fault and liability issues (*i.e.*, *internal*-facing discovery such as "compliance reviews," "competitive analysis," "modeling of expected User losses," "analysis of actual User losses," and "projections of [deposit match] payouts" (all of which were requested as part of Plaintiffs' recent document requests)), and (ii) discovery as to deposits, losses, and experiences of members of the putative classes (if any).[1]

## PROCEDURAL HISTORY

Plaintiffs filed a Second Amended Complaint on August 13, 2025 (D.E. 49), which DraftKings moved to dismiss. D.E. 54. The Court granted in part DraftKings' motion to dismiss. D.E. 65. Three of Plaintiffs' claims survived: (1) a New Jersey Consumer Fraud Act ("NJCFA") claim with respect to DraftKings' "Risk-Free" Bet Promotion, (2) a common law fraud claim with respect to the "Risk-Free" Bet Promotion, and (3) an equitable fraud claim with respect to the Casino Deposit Match Rollover Promotion (collectively, the "Promotions"). *See* D.E. 65. The

---

[1] On January 9, 2026, Plaintiffs served document requests that separately seek both external-facing and internal-facing documents. *See* Declaration of Clifford Yin ("Yin Decl."), Ex. 1. Plaintiffs' Requests for Production (the "Requests"). DraftKings reserves all and waives none of its rights and objections to the Requests. In Section III, DraftKings details (i) specific requests that seek pre-certification and post-certification discovery; (ii) how a clear line can be drawn between pre-certification and post-certification discovery here; and (iii) the particular need for phased discovery, given the burdensome and overbroad merits discovery Plaintiffs have already propounded.

2

NJCFA claim is brought on behalf of a putative New Jersey class; the common law and equitable fraud claims are brought on behalf of putative nationwide classes, each with a putative New Jersey sub-class. D.E. 49, ¶¶ 162-63. On December 17, 2025, DraftKings filed its Answer. D.E. 69.

On December 22, 2025, the parties met and conferred pursuant to Rule 26(f). On January 6, 2026, the parties filed an Amended Joint Discovery Plan, which sets out DraftKings' proposal for phased discovery. D.E. 70 at pp. 7-9. Plaintiffs oppose phased discovery, contending that there is no clear delineation between class and merits discovery, and that phased discovery will lead to needless delay and inefficiencies. D.E. 70 at pp. 5-7.

## ARGUMENT

### I.      Courts In This District Routinely Phase Discovery to Address Class Certification First.

The Federal Rules of Civil Procedure afford courts broad discretion to manage and resolve discovery disputes, including "decisions concerning whether to bifurcate discovery." *Conner v. Perdue Farms, Inc.,* No. CIV.A. 11-888 (MAS) (LHG), 2013 WL 5977361, at *3 (D.N.J. Nov. 7, 2013) (citing *Weiss v. First Unum Life Ins. Co.*, No. 02–4249, 2008 WL 755958, at *1 (D.N.J. Mar. 19, 2008)). The Court should exercise that discretion here.

Although the Federal Rules do not expressly provide for bifurcated or phased discovery, the Advisory Committee Notes to Rule 23 expressly recognize that "[i]t is appropriate to conduct *controlled* discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis." *See* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment (emphasis added); *see also Conner*, 2013 WL 5977361, at *3. Consistent with this guidance, "[d]iscovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and

3

those related to the merits of the allegations." *Manual for Complex Litigation* (Fourth) § 21.14. Accordingly, "[c]ourts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency." *Conner*, 2013 WL 5977361, at *3 (quoting *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *2 (E.D. Pa. Nov. 29, 2004)). Here, phased discovery serves the interests of fairness and efficiency and is consistent with the Third Circuit's guidance that class certification should be addressed "at an early practicable time," and that any merits-related inquiry at the certification stage should be limited to what is necessary to determine whether the requirements of Rule 23 are satisfied. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 317–18 (3d Cir. 2008); *Conner*, 2013 WL 5977361, at * 7 (ordering that discovery occur in two phases: a class phase and a merits phase); *Nazario v. Sharinn & Linshie, P.C.,* No. 2:19-cv-04604 (SDW)(SCM), 2020 WL 205896 at *2 (D.N.J., Jan. 14, 2020) (granting an "informal motion to bifurcate class-discovery," which allowed discovery to proceed on the merits of the named plaintiff's claims and class certification, but deferred class merits discovery until a decision on certification).

Courts in this district have widely recognized this principle. As one court has explained, "[p]laintiffs' right to class-wide discovery is not boundless." *MacLean v. Wipro Ltd.*, No. CV 20-03414 (GC)(JBD), 2023 WL 3742832, at *2 (D.N.J. May 31, 2023). Rather, pre-certification discovery "must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification, *but at the same time, a defendant should be protected from overly burdensome or irrelevant discovery." Id*. at *4 (citation omitted) (emphasis added). When distinguishing between permissible and impermissible pre-certification discovery, "it may well be . . . that individual discovery requests that delve too heavily into merits issues cross the line." *Id*.

4

Other courts in this district have likewise approved phasing discovery to prioritize class certification issues. In *Bell v. Lockheed Martin Corp.*, the court approved a discovery plan providing that "all discovery related to class certification should be conducted first," and merits discovery deferred to a later stage. 270 F.R.D. 186, 199 (D.N.J 2011).  Similarly, in *In re Riddell Concussion Reduction Litig.*, the court emphasized that plaintiffs were only entitled to "sufficient merits discovery… [to] adequately prepare and file their motion for class certification." *In re Riddell Concussion Reduction Litig.,* No. 13-7585 (JBS/JS), 2016 WL 4119807, at *2 (D.N.J. July 7, 2016). Taken together, these decisions reflect a consistent approach to structure discovery to prioritize issues relevant to class certification and to avoid imposing the burden of premature, class-wide merits discovery before a class has been certified.[2]

## II.     Pre-Certification Discovery Is Readily Severable from Post-Certification Discovery

Plaintiffs effectively concede that there is substantial discovery they do not need *before* they file for class certification. Plaintiffs' proposed schedule requires them to file their motion for class certification by August 12, 2026, yet Plaintiffs proposed that fact discovery remain open, presumably for certain merits-only discovery, for four more months, until December 16, 2026. D.E. 70, pp. 10-11.  DraftKings seeks to avoid conflict and ensure orderly discovery by

---

[2] The cases cited by Plaintiffs in the Amended Joint Discovery Plan suggesting that courts "routinely reject proposals to phase discovery" are readily distinguishable. In *Wesley v. Samsung Elecs. Am., Inc.,* the court rejected a proposal to bifurcate discovery, which would have limited initial discovery to the merits of the named plaintiffs' individual claims (to allow defendant to bring an early dispositive motion), while deferring all class-certification discovery until after resolution of that motion. *Wesley v. Samsung Elecs. Am., Inc.,* No. CV 20-18629 (JMV)(AME), 2022 WL 2870200 at *3 (D.N.J. July 21, 2022). A near identical proposal was rejected in *MacLean*, where class-related discovery likewise would have been deferred entirely pending dispositive motions. *MacLean,* 2023 WL 3742832, at *1. In both cases, the defendants sought to postpone class certification discovery altogether, an approach fundamentally different from DraftKings' proposal to permit targeted class-certification discovery (and merits discovery on the plaintiffs' individual claims as class representatives) to proceed first.

formalizing what discovery can and should occur before August 12, 2026, and what should occur once the Court has made a class certification decision.

A clear delineation can be drawn between what discovery should occur before and after any class certification decision. The decision in *Conner* provides a useful framework for how to draw that line here. There, the court, addressing similar claims for false or misleading representation under the NJCFA and at common law, ordered discovery to proceed in two phases: "(1) discovery limited to issues necessary to address whether class certification is appropriate (the 'class phase'); and (2) discovery on the substantive matters regarding the merits of the parties' claims and defenses (the 'merits phase')." *Connor,* 2013 WL 5977361, at *7. Thus, external-focused discovery concerning materials "regarding the marketing and sale of" the product would occur in the 'class phase', while internal-focused discovery related to the defendant's practices, such as "evaluations and audits" of procedures at each chicken facility, would occur, if at all, only after class certification in the 'merits phase'. *Id.* at *4.

Here, Plaintiffs themselves have emphasized that much of the discovery they need for class certification focuses on *external*-facing issues, that is, whether "the actual terms of the Promotions were ever conspicuously displayed to users, whether DraftKings used uniform statements in its advertisements for the Promotions, and whether these uniform statements were misleading." D.E 70, p.5. That discovery, and only that discovery, is relevant at the pre-certification stage.

Conversely, internal-focused merits discovery, particularly discovery directed to DraftKings' knowledge and intent, is not relevant to class certification. The relevant inquiry at the certification stage is whether the challenged advertisement has the capacity to mislead the average or reasonable consumer, including whether the class members "share a common

6

understanding" of the relevant terms of the advertisements "based on the [advertisements] themselves." *See Conner*, 2013 WL 5977361, at *4 (deferring all discovery related to the "actual practices" of the defendant because "such discovery [has] little, if any, relevance to the class certification issues"). Thus, in *Conner* (where advertisements were challenged as misleading under both the NJCFA and at common law, like here), the court phased discovery to limit pre-certification discovery to what consumers would have seen and understood. *Id*. at *6.

What DraftKings thought or intended, or what its internal practices may have been, are irrelevant to class certification because "consumers would not know of the actual underlying practices and would have only the alleged misrepresentations before them." *Id*. Indeed, DraftKings' knowledge and intent are relevant to only Plaintiffs' common law fraud claim challenging the "Risk-Free" Bet Promotion. *See Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610 (1997).[3] Plaintiffs' sole remaining claim concerning the Casino Deposit Match Rollover Promotion is for equitable fraud, which does not have an element of *scienter* (*i.e.,* it is irrelevant whether DraftKings knew the representation was allegedly false or intended to obtain an undue advantage). *See Weil v. Express Container Corp.,* 360 N.J. Super. 599, 613 (App. Div. 2003); *Tonglu Rising Sun Shoes Co. v. Nat. Nine (USA) Co.,* No. CV 14-1634 (SRC)(CLW), 2016 WL 7374543, at *3 (D.N.J. Dec. 20, 2016).

### III.   Phasing Discovery Will Promote Efficiency and Reduce Discovery Disputes.

Plaintiffs' recently served Requests make clear that, without phasing, Plaintiffs will seek, among other things, irrelevant and unduly burdensome discovery before class certification. The Court should phase discovery to avoid unnecessary costs and disputes at this stage.

---

[3] "The five elements of common-law fraud in New Jersey are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Id.*

7

Plaintiffs have served forty-five Requests. Yin Decl., Ex. 1.[4] Twenty-four (more than half) of the Requests seek documents and communications directed solely to DraftKings' internal actions, including its knowledge and intent as to both Promotions, which are issues that do not bear on class certification requirements (and, in the case of the Casino Deposit Match Rollover Promotion, on the merits at all). *Id,* Requests Nos. 1, 3, 5-9, 11, 14-16, 18, 20-23, 25, 28-30, 33, 35. These include requests seeking documents concerning its "decisions regarding what advertising channels to use" (Request No. 1); "legal reviews," "competitive analysis" "and modeling of expected User losses" of the Casino Deposit Match Rollover Promotion (Request Nos. 9, 15); and "legal reviews," "competitive analysis" and "projections of User losses" of the "Risk-Free" Bet Promotion (Request Nos. 23, 29).[5] None of these categories of documents are relevant to class certification.

---

[4] DraftKings reserves all rights and objections to the Requests (or any future discovery requests). DraftKings intends to assert numerous independent objections to the Requests, including that many of them seek categories of information relating to claims that have been dismissed or otherwise limited by the Court. *See, e.g.,* Yin Decl., Ex. 1, Request Nos. 16-35, which seek documents concerning the "No Sweat" Bet Promotion (which Plaintiffs have conflated and defined as part of the "No-Risk" Promotion), notwithstanding the Court's dismissal of ***all*** claims relating to the "No Sweat" Bet Promotion. D.E. 65. *See also, id.,* Request Nos. 10 and 24, which seek information concerning all users who participated in the Promotions, without limitation, despite Plaintiffs' concession that the Promotions could, at most, have allegedly misled participants only the first time they entered the Promotions. D.E. 48, Hrg. Tr. 49:9-12.

[5] Nine requests seek nationwide discovery concerning all individual users, including deposits and losses of putative class members. Yin Decl., Ex. 1, Request Nos. 10, 13, 24, 27, 34, 41-44. At the discovery hearing, Plaintiffs' counsel suggested that this discovery is necessary because reliance (an element of Plaintiffs' fraud claims) is "tricky" to establish on a class-wide basis and that Plaintiffs therefore need discovery into "the portion of people who were deceived by each of the promotions and were losing their money when they opted in" in order to show that the "class in gross did rely on the promotions." January 12, 2026 Hrg. Tr. 19:2-14. Plaintiffs' argument assumes deception, conflates loss with reliance, and seeks to use individualized class-wide merits discovery to develop a theory of class-wide reliance. Evidence that some or even all participants lost money does not establish that they relied on any particular representation in deciding to participate, particularly since those losses were incurred when participating in an activity "where winning was not guaranteed." *Antar v. BetMGM, LLC*, No. 24-1364, 2025 WL 1219316, at *3 (3d Cir. Apr. 28, 2025).

Five of the Requests seek on their face external-facing documents, including documents "sufficient to show each version of the Casino Deposit [Match Rollover] Promotion offered to Users in the United States" (Request No. 2), (ii) all "Advertisements for the Casino Deposition Match [Match Rollover] Promotion" (Request No. 4); (iii) documents "sufficient to show each version of the [Risk-Free Bet] Promotion offered to Users in the United States" (Request No. 17); (iv) all "Advertisements for the [Risk-Free Bet] Promotion" (Request No. 19); and (v) all "Advertisements created by Third Party Marketers or Affiliates for the Casino Deposit Match [Rollover] Promotion or [Risk-Free Bet] Promotion" (Request No. 32). While those requests are themselves extremely overbroad and seek nationwide discovery since 2019, they are clearly distinguishable from those documents seeking discovery of *internal* actions.

A bright line phasing of discovery will reduce discovery disputes, not increase them. Rather than the parties having repeated disputes about whether specific Requests or depositions are appropriate before class certification, the parties would have a clear global delineation about what the parties can and should prioritize first in discovery. Furthermore, phasing discovery will streamline discovery and will not result in duplication of effort. A first phase limited to external-facing discovery (and on the merits for Youngs and Thompson only) may implicate discovery and depositions of certain DraftKings' departments, including, for example, the marketing team, whereas the second phase will involve other departments, other documents and other witnesses, not relevant to class certification, including, for example, the product team.

In addition to burden, allowing unlimited class merits discovery pre-class certification would impose significant and unnecessary costs on DraftKings. Courts have recognized that cost considerations may independently justify phasing discovery. Indeed, the court in *Conner* ruled that phasing discovery was appropriate in part due to cost: "[d]efendant is being asked to bear the

9

cost of producing this extensive discovery. If a class is not certified, these costs will be expended needlessly." *Connor,* 2013 WL 5977361 at *4. Similarly, in *Nazario,* the court held that fairness, efficiency and judicial economy all favored phasing discovery to defer class merits discovery, including to avoid a situation where "the fees and costs for engaging in that discovery would have been expended needlessly." *Nazario,* 2020 WL 205896, at * 2. Discovery directed to DraftKings' internal-facing documents would have no bearing on class certification, yet would require DraftKings to incur substantial expense to collect, review, and produce materials that may never be relevant if certification is denied. Further, a significant volume of these internal-facing documents (including, most notably, "legal reviews") are likely to implicate significant privilege issues.

In sum, Plaintiffs' approach—to conduct all class certification discovery *and* all class-wide merits discovery at the same time— is contrary to practice in this district, will lead to serial discovery disputes, and does not serve the interests of justice or efficiency. DraftKings' proposed phasing provides a reasonable and workable framework that avoids these inefficiencies while preserving Plaintiffs' ability to obtain appropriate discovery. It also addresses the Court's expressed concern regarding case management. January 12, 2026 Hearing Tr. 16:5-9. Given that the parties' current positions on the permissible scope of discovery are clearly at odds, discovery disputes and case management issues will be inevitable without an order phasing discovery and defining its scope.

## **CONCLUSION**

DraftKings respectfully requests that the Court order phased discovery on the terms set out in the proposed order filed with this Motion.

Dated: January 27, 2026                              Respectfully submitted,



_____
John M. Agnello
James E. Cecchi
Melissa E. Flax
CARELLA, BYRNE, CECCHI,
 BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
jagnello@carellabyrne.com
jcecchi@carellabyrne.com
mflax@carellabyrne.com

Richard R. Patch, (*pro hac vice*)
Clifford E. Yin, (*pro hac vice*)
Christopher J. Wiener, (*pro hac vice*)
Sarah E. Peterson, (*pro hac vice*)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
Email:  ef-rrp@cpdb.com
            ef-cey@cpdb.com
            ef-cjw@cpdb.com
            ef-sep@cpdb.com

11