**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Matthew Youngs and Charles Thompson, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>DraftKings Inc. and Crown NJ Gaming Inc. d/b/a DraftKings,<br><br>        Defendants. | Case No. 2:25-cv-00179-SRC-JRA |

**SECOND AMENDED JOINT PROPOSED DISCOVERY PLAN**

1.     Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| Attorneys for Matthew Youngs and Charles Thompson | Attorneys for DraftKings Inc. and Crown NJ Gaming Inc. |
|---|---|
| Elvin Esteves<br>LAW OFFICE OF ELVIN ESTEVES LLC<br>460 BLOOMFIELD AVENUE<br>SUITE 200<br>MONTCLAIR, NJ 07042<br>862-881-5552<br>Fax: 862-701-3993<br>Email: elvin@estevesjuris.com<br><br><br>Michael Kanovitz (admitted pro hac vice)<br>Jon Loevy (admitted pro hac vice)<br>Isaac Green (admitted pro hac vice)<br>Aaron Tucek (admitted pro hac vice)<br>Scott Rauscher (admitted pro hac vice)<br>Alexandra Wolfson (admitted pro hac vice)<br>LOEVY & LOEVY<br>311 N Aberdeen Street, Suite 3<br>Chicago, IL 60607<br>312-243-5900<br>Email: mike@loevy.com; green@loevy.com;<br>jon@loevy.com; aaron@loevy.com;<br>scott@loevy.com; wolfson@loevy.com | John M. Agnello<br>James E. Cecchi<br>Melissa E. Flax<br>CARELLA BYRNE CECCHI BRODY &<br>AGNELLO, P.C.<br>5 BECKER FARM ROAD<br>ROSELAND, NJ 07068<br>(973) 994-1700<br>Fax: (973) 994-1744<br>Email: jcecchi@carellabyrne.com;<br>jagnello@carellabyrne.com;<br>mflax@carellabyrne.com<br><br>Richard R. Patch, (*pro hac vice*)<br>Clifford E. Yin, (*pro hac vice*)<br>Christopher J. Wiener, (*pro hac vice*)<br>Sarah E. Peterson, (*pro hac vice*)<br>COBLENTZ PATCH DUFFY & BASS LLP<br>One Montgomery Street, Suite 3000<br>San Francisco, CA 94104<br>Telephone: (415) 391-4800<br>Email: ef-rrp@cpdb.com;  ef-cey@cpdb.com;<br>ef-cjw@cpdb.com; ef-sep@cpdb.com |

2.     Set forth a brief description of the case, including the causes of action and defenses asserted.

Plaintiffs Matthew Youngs and Charles Thompson (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, have filed a second amended putative class action complaint ("SAC") against DraftKings Inc. and Crown NJ Gaming Inc. dba DraftKings (collectively, "DraftKings"). (D.E. 51).  Following the Court's Order granting in part and denying in part DraftKings' Motion to Dismiss the SAC (the "Order") (D.E. 65), the surviving claims

1

include Plaintiffs' allegations that DraftKings' engaged in deceptive advertising with regard to two promotions: (1) a promotion that advertised the opportunity to place bets "risk-free" on DraftKings Sportsbook (the "Risk-Free Promotion"), and (2) a promotion that offered customers matching funds for deposits on DraftKings Casino (the "Casino Deposit Match Promotion") (collectively, the "Promotions"). Plaintiffs claim that the advertising for the Promotions was deceptive and misleading.  Plaintiffs bring claims against DraftKings for the Risk-Free Promotion under the New Jersey Consumer Fraud Act ("CFA") and for common law fraud. Plaintiffs bring a claim for equitable fraud against DraftKings for the Casino Deposit Match Promotion. Finally, Plaintiffs seek to certify: (i) a nationwide class of DraftKings customers who participated in the Casino Deposit Match Rollover Promotion and lost part or all of their initial qualifying deposit (with a New Jersey subclass); and (ii) a nationwide class of DraftKings customers who opted into the Risk-Free Promotion and lost their qualifying bet (with a New Jersey subclass).

On December 17, 2025, DraftKings filed its answer containing its denials of Plaintiffs' allegations and asserting 21 affirmative defenses. (D.E. 69). Among other things, DraftKings has asserted: (i) DraftKings disclosed the terms and conditions for each of the Promotions allegedly presented to Plaintiffs; (ii) Plaintiffs have not suffered any damages, injuries, or any ascertainable losses; (iii) Plaintiffs' CFA claim is preempted by the New Jersey Casino Control Act; (iv) Plaintiffs fail to state a claim upon which relief can be granted; (v) Plaintiffs do not have standing to assert certain claims; (vi) Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek damages or other relief based on any subsequent participation in the Promotions after their initial entry, including, but not limited to, because after their initial entry, Plaintiffs were or reasonably should have been fully aware of the nature, terms, and conditions of the Promotion; and (vii) claims concerning the Promotions are barred by the statute of limitations. Plaintiffs assert

that many of these affirmative defenses were already rejected by the District Court in its order adjudicating DraftKings's Motion to Dismiss the SAC and that discovery will reveal the remaining defenses to be meritless. *See* D.E. 65 (rejecting DraftKings's arguments that Plaintiffs' SAC failed to state a claim, that Plaintiffs did not suffer any ascertainable losses, and that Plaintiffs' claims are preempted).

3.      Have settlement discussions taken place?  Yes _X___  No ___

The parties have engaged Anthony Piazza to mediate their claims and will engage in a mediation session on April 29, 2026. The Court has scheduled a follow-up settlement conference for May 4, 2026.

(a)      What was plaintiff's last demand?

(1)      Monetary demand: N/A

(2)      Non-monetary demand: N/A

(b)      What was defendant's last offer?

(1)      Monetary offer: N/A

(2)      Non-monetary offer: N/A

4.      The parties have met pursuant to Fed. R. Civ. P. 26(f).

5.      The parties have completed the initial exchange of information required by Fed. R. Civ. P. 26(a)(1).

6.      Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). None at the time of submitting this report.

7.      The parties have not filed disclosures of third-party litigation funding.

8.      Plaintiffs served their first set of requests for production on January 9, 2026. DraftKings responded with objections on February 9, 2026. DraftKings intends to produce an initial tranche

of documents by April 17, 2026. DraftKings served its first set of requests for production on April 1, 2026.

9.      Proposed joint discovery plan:

(a)      Discovery is needed on the following subjects:

For Plaintiffs: written discovery and depositions of DraftKings employees regarding, among other things, the advertising of the Promotions, the design and intent behind the Promotions, the implementation of the Promotions, including how terms are disclosed or not disclosed to users upon opting-in and the rate at which Promotions are successfully completed, DraftKings's records of the terms and conditions that were disclosed to the Plaintiffs, and the identity and damages of absent class members. Other discovery may be necessary depending on the course of discovery and the Court's rulings.

For DraftKings: DraftKings objects to several of the categories of discovery listed by Plaintiffs above (including, but not limited to, as detailed in its responses to Plaintiffs' first set of document requests).  DraftKings will need written discovery and depositions of the named plaintiffs.  Other discovery will be necessary depending on the Court's rulings.

(b)      The Court denied DraftKings' Motion to Phase Discovery on March 25, 2026.

(c)      Proposed schedule:

(1)      Fed. R. Civ. P. 26 Disclosures: Completed on January 5, 2026.

(2)      E-Discovery conference pursuant to L. Civ. R. 26.1(d): Completed. The parties continue to negotiate over a stipulated ESI order and hope to submit one for the Court's approval in the coming weeks.

(3)      Service of initial written discovery: Complete.

(4)      Maximum of 25 Interrogatories by each party to each other party.

(5)    Maximum of ___ depositions to be taken by each party [SEE BELOW].

Plaintiffs' position: Plaintiffs estimate that they will need at least 10 depositions but may require more depending on the course of discovery. DraftKings reserves the right to object to the number of the depositions sought by Plaintiffs or the identity of the deponents when plaintiffs serve deposition notices.

DraftKings's position: DraftKings estimates that it will need at least 5 depositions, including of the two named plaintiffs, in connection with any motion for class certification.  It is not in a position to evaluate the appropriate amount of total depositions at this time, given that the scope of witnesses, documents, and information are highly contingent on the decision on Plaintiffs' motion for class certification.

(6)    Motions to amend or to add parties to be filed:

Plaintiffs' position: 45 days following the Court's ruling on class certification.

DraftKings' position: DraftKings contends that any motions to amend should be filed and decided before any ruling concerning class certification.

(7)    Factual discovery to be completed by: March 26, 2027, 12 months after the Court ruled on DraftKings' Motion to Bifurcate Discovery.

(8)    Plaintiff's expert report due: May 21, 2027, two months after completion of fact discovery, with any class-related expert reports to be submitted alongside Plaintiffs' motion for class certification.

(9)    Defendant's expert report due: July 23, 2027, four months after completion of fact discovery, with any class-related expert reports to be submitted alongside Defendants' response to Plaintiffs' motion for class certification.

(10)     Expert depositions to be completed: September 24, 2027, six months after completion of fact discovery, with any class-related expert depositions completed no later than Plaintiffs' deadline to file their reply in support of class certification.

(11)     Dispositive motions to be served: Plaintiffs' motion for class certification should be served by November 13, 2026, (a three month extension from original deadline due to pause in discovery during pendency of Motion to Bifurcate). Dispositive motions should be served by November 5, 2027, six weeks after the close of expert discovery.

(d)     Set forth any special discovery mechanism or procedure requested.

N/A.

(e)     A pretrial conference may take place on:

Plaintiffs' position: December 10, 2027, approximately one month after the service of dispositive motions.

DraftKings' position: Two months after any ruling on any dispositive motions.

(f)     Trial date: Two months after the pretrial conference (Jury Trial).

10.     Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?

Yes.

If so, please explain:

The parties will meet and confer about whether any particular depositions may need to be done remotely.  DraftKings will want to depose the named plaintiffs in person. Plaintiffs will want to conduct depositions of key DraftKings' employees in person.

11.     Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

The parties are in the process of conferring regarding electronic discovery pursuant to L.Civ.R 26.1(d).. The parties will submit a joint proposed ESI order governing this type of discovery, or if any provisions of the ESI order cannot be resolved, the parties will submit the unresolved issues to the Court in accordance with the protocols established in the Court's Case Management Order.

12.     Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S:

Yes, it was entered on March 20, 2026. *See* Dkt. 84.

13.     Do you anticipate any discovery problem(s) not listed above? Describe.

No.

14.     State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)

The case includes class claims, and the absent class members cannot consent to arbitration. The parties have scheduled a mediation session on April 29, 2026.

15.     Is this case appropriate for bifurcation?

No.

16.     An interim status/settlement conference (with clients in attendance) is scheduled for May 4, 2026.

7

17.    We do not consent to the trial being conducted by a Magistrate Judge.

18.    Identify any other issues to address at the Rule 16 Scheduling Conference. N/A.

Respectfully submitted,

| | |
|---|---|
| */s/ Elvin Esteves* | */s/ Melissa E. Flax* |
| Elvin Esteves | John M. Agnello |
| LAW OFFICE OF ELVIN ESTEVES LLC | James E. Cecchi |
| | Melissa E. Flax |
| 460 BLOOMFIELD AVENUE | CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY |
| SUITE 200 | & AGNELLO, P.C. |
| MONTCLAIR, NJ 07042 | 5 Becker Farm Road |
| 862-881-5552 | Roseland, NJ 07068 |
| Fax: 862-701-3993 | jagnello@carellabyrne.com |
| Email: elvin@estevesjuris.com | jcecchi@carellabyrne.com |
| | mflax@carellabyrne.com |

Michael Kanovitz (*pro hac vice*)    Richard R. Patch, (*pro hac vice*)
Jon Loevy (*pro hac vice*)    Clifford E. Yin, (*pro hac vice*)
Scott Rauscher (*pro hac vice*)    Christopher J. Wiener, (*pro hac vice*)
Isaac Green (*pro hac vice*)    Sarah E. Peterson, (*pro hac vice*)
Aaron Tucek (*pro hac vice*)    COBLENTZ PATCH DUFFY & BASS LLP
Alexandra Wolfson (*pro hac vice*)    One Montgomery Street, Suite 3000
LOEVY & LOEVY    San Francisco, CA 94104
311 N Aberdeen Street, Suite 3    Telephone: (415) 391-4800
Chicago, IL 60607    Email: ef-rrp@cpdb.com
312-243-5900       ef-cey@cpdb.com
Email: mike@loevy.com;       ef-cjw@cpdb.com
green@loevy.com; jon@loevy.com;       ef-sep@cpdb.com
aaron@loevy.com; scott@loevy.com;
wolfson@loevy.com